IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS SALAZAR, JR., <br> SID # 812832, <br><br> *Plaintiff,* <br><br> vs. <br><br> MR. JOHNSON, ET AL., <br><br> *Defendants.* | § § § § § § § § § § § § | CIVIL NO. <br> SA-19-CA-214-FB |

**SHOW CAUSE ORDER**

Before the Court is the Civil Rights Complaint [#1] filed by the plaintiff, Carlos Salazar, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is ordered to file an amended complaint clarifying his allegations and, to the extent possible, curing the Complaint's legal deficiencies, which are described below.

**I. Legal Standard**

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.

1

1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under § 1915A(b)(1) and § 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## II. Deficiencies in Plaintiff's Complaint

Plaintiff's § 1983 Complaint alleges:

- During the 2000-01 school year, Plaintiff was assaulted by an art teacher while Plaintiff was a student at the San Antonio Independent School District Harris Middle School.

- In 2004, when Plaintiff was 16 years old, he was arrested in San Antonio for domestic violence, and while in custody he was sexually assaulted.

- In September 2015 through May 2016 he was in custody at the Shelby County Jail in Memphis, Tennessee, where he was sexually assaulted by Mr. Johnson, a corrections officer.

Plaintiff purports to sue Mr. Johnson, the City of San Antonio, Bexar County Jail, and the San Antonio Police Department seeking damages.

As explained above, § 1915(e)(2)(B) mandates *sua sponte* dismissal of an *in forma pauperis* complaint if the Court finds that the complaint "is frivolous" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii). As currently plead, Plaintiff's Complaint is subject to *sua sponte* dismissal for at least two reasons:

**A. Plaintiff's claims are time-barred by the two-year statute of limitations applicable to § 1983 actions.**

Because Texas has a two-year statute of limitations for personal injury claims, § 1983 claims arising in Texas are also governed by a two-year statute of limitations. Plaintiff did not file suit within two years of the alleged sexual assaults. Nor has Plaintiff established a basis for tolling the two-year limitations period. Therefore, Plaintiff's claims would appear to be time-barred.

    1.    <u>Plaintiff did not file suit within the two-year limitations period specified in the Texas Civil Practices and Remedies Code.</u>

"Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915." *Gonzales v. Wyatt*, 157 F.3d 1016, 1019–20 (5th Cir. 1998) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). "Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period," which in Texas is two years. *Gartrell*, 981 F.2d at 256 (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); *see also King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 760–61 (5th Cir. 2015) (holding that Texas's general two-year limitations period for personal injury actions, rather than the specific five-year limitations period for sexual assault claims, applied to a student's § 1983 claims against her school district and school officials, even though the student's claims were based on alleged sexual abuse by a teacher).

3

Although Texas law governs the limitations period (and, as explained below, the tolling exceptions), "federal law governs when a cause of action accrues." *Burns v. Harris Cty. Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998). "Under federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).

Here, Plaintiff's § 1983 claims "accrued" at the time he knew he was being sexually assaulted (*i.e.*, at the time of the alleged sexual assaults). *See King-White*, 803 F.3d at 762. The sexual assaults are alleged to have occurred during the 2000–01 school year, in 2004, and from September 2015 to May 2016. Plaintiff commenced this action on February 25, 2019. Because the applicable statute of limitations was two years, Plaintiff's claims are time-barred, absent tolling of the two-year limitations period.

2. <u>Plaintiff has not established a basis for tolling the two-year statute of limitations.</u>

"A federal court applying a state statute of limitations should give effect to the state's tolling provisions as well." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Texas law provides for tolling of the statute of limitations if a plaintiff is younger than eighteen years of age or of unsound mind when the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.001(a), (b) (West 2017). However, "[a] person may not tack one legal disability to another to extend a limitations period." *Id.* at § 16.001(c). Furthermore, "[a] disability that arises after a limitations period starts does not suspend the running of the period." *Id.* at § 16.001(d).

Plaintiff avers that "[o]n the exact date of October 26, 2004 I was 16 years old." (Doc. 1 at 5.). It follows that Plaintiff was younger than eighteen years of age when he was allegedly

4

sexually assaulted during the 2000–01 school year and in 2004. Per § 16.001(a)(1), the statute of limitations for § 1983 claims arising from these incidents was tolled and did not begin to run until Plaintiff turned eighteen. Although the Court is unable to determine, at this time, Plaintiff's date of birth and, therefore, the exact date on which he turned eighteen, he would have turned eighteen no later than October 26, 2006. Because Plaintiff did not commence this action until February 25, 2019, the fact that the statute of limitations was tolled while Plaintiff was younger than eighteen years of age does not save Plaintiff's time-barred § 1983 claims.

An "unsound mind" also tolls the statute of limitations. Civ. Prac. & Rem. § 16.001(a)(2). The unsound-mind exception protects those plaintiffs who not only lack access to the courts, but are also unable "to participate in, control, or even understand the progression and disposition of their lawsuit." *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993). The Texas Civil Practices and Remedies Code does not define the term "unsound mind." However, persons of "unsound mind" have been equated with "persons non compos mentis, mentally disabled persons, insane persons, and other persons who are mentally incompetent to care for themselves or manage their property and financial affairs." *Aduddle v. Body*, 277 Fed. App'x 459, 461 (5th Cir. 2008) (per curiam) (quoting *Hargraves v. Armco Foods, Inc.*, 894 S.W.2d 546, 547 (Tex. App.—Austin 1995, no writ)). A plaintiff need not be adjudicated insane or incompetent to warrant protection under the unsound-mind exception. *See Gribble v. Layton*, 389 S.W.3d 882, 894 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

In his Complaint, Plaintiff alleges that he was mentally incompetent from 1990 to 2019. (Doc. 1 at 7.) He states that he has been diagnosed with attention deficit disorder (ADD) and attention deficit hyperactivity disorder (ADHD), that he had a brain tumor that was operated on, and that he is disabled. (*Id.*) As currently plead, Plaintiff's claim of mental incompetence is

essentially conclusory and without foundation. Furthermore, in those rare cases in which the statute of limitations was tolled because of a plaintiff's mental incompetency, "the injury was substantial and prolonged." *Hargraves*, 894 S.W.2d at 547–48 (collecting cases); *see also Ruiz*, 868 S.W.2d at 753 (holding that the plaintiff was of unsound mind because he sustained severe and permanent head injuries); *Casu v. CBI Na-Con, Inc.*, 881 S.W.2d 32, 35 (Tex. App.—Houston [14th Dist.] 1994, no writ), *as amended on reh'g* (July 7, 1994) (holding that the plaintiff raised a fact issue regarding his mental incompetency where his doctors testified that he was suffering from acute paranoid psychosis and severely impaired judgment and competency caused by a chemical accident). Plaintiff's alleged injuries, in contrast, do not appear to rise to the level of incompetency required to trigger the unsound-mind exception.

In responding to this show-cause order, Plaintiff may supplement his pleadings with additional facts that support his allegation that he was mentally incompetent at the time of the alleged assaults. Specifically, Plaintiff should explain, in as much detail as possible, the nature and causes of his alleged injuries, when they first began and, unless they are ongoing, ended, and precisely how they have affected his mental competency.

**B.     Plaintiff has failed to allege facts that would support a claim against Bexar County or the City of San Antonio.**

Liberally construing Plaintiff's claim against Bexar County Jail as a claim against Bexar County and his claim against the San Antonio Police Department as a claim against the City of San Antonio, Plaintiff failed to state a non-frivolous claim. A county or municipality is not strictly liable for the acts of its employees or officers, but is liable for acts pursuant to official policy or custom; therefore to establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *See Monell v. Dept. Soc. Servs. City New York*, 436 U.S, 658, 690-91 (1978). A single incident

6

is inadequate to impose liability on a municipality or county unless the incident was caused by an unconstitutional policy. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Plaintiff's Complaint fails to allege facts that would support a claim Bexar County or the City of San Antonio were responsible for an unconstitutional custom, practice, or policy that harmed or injured him.

### III.  Right to Amend

Before dismissal of the Complaint, Plaintiff is entitled to amend to attempt to cure any deficiencies. *See Neitzke*, 490 U.S. at 329. Therefore,

**IT IS ORDERED that within twenty-one days of the date of this Order**, Plaintiff must show cause why his Complaint should not be dismissed pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by **filing an amended complaint** (of no more than twenty (20) pages) that cures these deficiencies. Plaintiff should present his amended claims by using the § 1983 complaint form, as he did before. **The Clerk of Court is directed to provide Plaintiff with another copy of the Section 1983 form.**

If Plaintiff fails to comply with this Order, his Complaint can also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

SIGNED this 14th day of May, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE